## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Phelps Mineral Holdings, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER DENYING DEFENDANT'S** |
| vs. | ) | **MOTION TO DISMISS** |
| | ) | |
| Continental Resources, Inc., | ) | Case No. 1:23-cv-219 |
| | ) | |
| Defendant. | ) | |

---

Before the Court is a Motion to Dismiss filed by Defendant Continental Resources, Inc. ("Continental") on December 13, 2023.  Doc. No. 9.  On January 17, 2024, Plaintiff Phelps Mineral Holdings LLC, ("Phelps") filed a response in opposition to the motion.  Doc. No. 14.   On December 29, 2023, Continental filed a reply brief. Doc. No. 13.  For the reasons set forth below, Continental's Motion to Dismiss is **DENIED**.

## I.      BACKGROUND

The factual background, which the Court must accept as true for purposes of this motion, is taken from the Complaint.  Doc. No. 1; McAuley v. Federal Ins. Co., 500 F.3d 784, 787 (8th Cir. 2007).

Phelps is a foreign limited liability company with its principal address in Bend, Oregon, in active and good standing in the State of North Dakota. Doc. No. 1, p. 1.  It consists of five members and does not issue stock.  Id.  It owns the oil, gas, and mineral rights to the following real property in McKenzie County, North Dakota (the "Property"):

Township 153 North, Range 94 West of the 5th
Section 5: Lots, 2, 3, 4, SW/4NE/4, S/2NW/4, W/2SE/4, and SW/4

Township 154 North, Range 94 West
Section 32: Lot 3, SW/4, W/2SE/4

1

Continental is a Oklahoma corporation principally located in Oklahoma City, Oklahoma. Id. It is registered as a foreign corporation in the State of North Dakota, in active and good standing. Id.

On November 13, 2023, Phelps filed a Complaint against Continental asserting four causes of action relating to royalties owed under an oil and gas lease: 1) breach of contract; 2) breach of obligation to pay royalties pursuant to N.D.C.C. Section 47-16-39.1; 3) declaratory judgment; and 4) accounting. Id. In lieu of an answer, on December 13, 2023, Continental filed a Motion to Dismiss and supplemented it with a memorandum in support. Doc. Nos. 9 and 10. On January 17, 2024, Phelps filed a response in opposition to Continental's Motion to Dismiss. Doc. No. 14. On February 2, 2024, Continental filed a reply brief. Doc. No. 15.

In their complaint, Phelps asserts ownership of one oil and gas interest relevant to its claims in this case (the "Phelps Lease"). Doc. No. 1, p. 2. On October 24, 2012, Phelps' predecessor in interest (Phelps Mineral Trust) entered the Phelps Lease with Continental for the Property. Doc. No. 1-1, p. 1. Attached to the Phelps Lease as Exhibit A is an Oil and Gas Lease Rider (the "Rider") which outlines mandatory conditions for the Lease. Id. at 3. Paragraph 2 of the Rider states that royalties are set at "20% of the substance produced" within the Phelps Lease. Id. at 3. Paragraph 8 of the Rider sets essential terms for Gas & Oil Pricing, including express language that governs deductions for compression and transportation costs (hereafter "Deductions Clause"):

> **8. Gas & Oil Pricing**. Lessor shall be paid for gas and oil based upon the rate Lessee receives for gas or oil it sells at the point of first sale of such production to a purchaser who is not an "affiliate" of Lessee; and, price paid Lessor for Lessor's share of produced substances shall be the same price that Lessee receives for Lessee's share of production; however, Lessor shall be paid for produced substances based upon the rate Lessee receives for the same price it sells produced substances for; and lessee shall not deduct any charges related to compressing or transporting said produced substances. In no event shall Lessor receive less than a net "zero" for gas sold.

Id. (emphasis added).

II.     <u>STANDARD OF REVIEW</u>

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates the dismissal of a claim if there has been a failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Motion to Dismiss under Rule 12(b)(6), a Complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quotes omitted).  A claim is plausible on its face "where the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Wilson v. Ark. Dept. of Human Servs.</u>, 850 F.3d 368, 371 (8th Cir. 2017) (quoting <u>Blomker v. Jewell</u>, 831 F.3d 1051, 1055 (8th Cir. 2016).  A plaintiff must show that success on the merits is more than a "sheer possibility." <u>Id.</u>  A Complaint does not need to contain detailed factual allegations, but it must contain more than labels and conclusions. <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).

The court must accept all factual allegations of the Complaint as true, except for legal conclusions or a "formulaic recitation of the elements of a cause of action." <u>Iqbal</u>, 556 U.S. at 678. A Complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" <u>Id.</u>  The determination of whether a Complaint states a claim upon which relief can be granted is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Id.</u> at 679.  "'[S]pecific facts are not necessary;' a plaintiff need only allege sufficient facts to provide 'fair notice' of the claim and its basis." <u>Delker v. MasterCard International, Inc.</u>, 21 F.4th 1019, 1023 (8th Cir. 2022) (quoting <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007)).  Dismissal will not be granted unless it appears beyond doubt the plaintiff can prove no set of facts entitling it to relief. <u>Ulrich v. Pope Cnty.</u>, 715 F.3d 1054, 1058 (8th Cir. 2013).

III.   **LEGAL ANALYSIS**

A.      **Count One – Breach of Contract**

The first count of Phelps' Complaint states that Continental breached its lease to Phelps. Doc No. 1, p. 3.  Phelps claims Continental is reducing Phelps' royalty payments by deducting the compression and transportation costs from the royalty amount. Id.  Phelps continues by stating the Phelps Lease is a contract, and failure to pay royalties as stated under the lease is a breach of that contract. Id.

In its Motion to Dismiss, Continental states the Phelps Lease is indeed a contract, but "there are no factual allegations to support the breach element." Doc. No. 10, p. 6.  Continental continues, saying there are no factual allegations because Phelps did not identify when deductions were made, identify the amount of said deductions, or identify who incurred the charges deducted from Phelps' royalty.  Id.

In its Response, Phelps argues that the breach element is met, because it has sufficiently plead allegations of damages which flow from the breach (i.e., the deduction in royalties).  Doc. No. 14, p. 4.

In its Reply to Phelps' Response, Continental contends that Phelps' "coupling of contract language with unadorned accusations of breach does not establish a plausible entitlement to relief." Doc. No. 15, p. 4.

In North Dakota, a breach of contract claim must include all three elements: "(1) the existence of a contract; (2) breach of the contract; and (3) damages which flow from the breach." Penman v. Hess Bakken Invs. II, LLC, No. 1:22-CV-00097, 2023 WL 3226186, at *3 (D.N.D. Mar. 23, 2023) (quoting Bakke v. Magi-Touch Carpet One Floor & Home, Inc., 2018 ND 273, ¶ 13, 920 N.W.2d 726).  "The nonperformance of a contractual duty when it is due is a breach of

contract." <u>Three Aces Properties LLC v. United Rentals (North America), Inc.</u>, 2020 ND 258, ¶ 10, 952 N.W.2d 64.

The Court, accepting Phelps' factual allegations as true, finds that Phelps has sufficiently plead a plausible case for breach of its contract with Continental. Phelps' Complaint alleges a plausible connection between Continental's actions and failure to comply with ¶¶ 2 and 8 of the Rider, thus constituting a breach.  Paragraph 2 states Phelps is owed 20% of the substance produced, and ¶ 8 states "shall not deduct any charges related to compressing or transporting said produced substances." Doc. No. 1-1, p. 3. If Continental is deducting compression and transportation costs, this constitutes a nonperformance of a contractual duty, and Phelps' Complaint has sufficiently put Continental on notice as to a potential breach. Further, Continental's request for more specific information relating to when and where the deductions occurred is not necessary at this stage of proceedings. <u>Penman</u>, 2023 WL 3226186, at *4. (In denying Defendant's Motion to Dismiss, "the Court concludes the number of times and the dates these charges occurred is immaterial at this stage. . . . If disproven through discovery, Plaintiffs claims must fail.").

Additionally, Continental's analysis regarding the valuation point is not something the Court needs to consider at this stage of the proceedings.  Continental's Motion to Dismiss discusses how under the terms of the Phelps Lease, a purchaser is authorized to deduct compression and transportation costs between the point of production and the point of first sale.  Doc. No. 10 pp. 7-8. The significance of this language may have bearing on the merit of Phelps' claim.  However, it is something more appropriately addressed at the summary judgment stage.  This process must play out in Discovery.  As a matter of pleading, the Complaint adequately states a claim for breach of contract, and Continental's Motion to Dismiss as to Count One is **DENIED.**

**B.      Count Two – Breach of Obligation to Pay Royalties Pursuant to N.D.C.C § 47-16-39.1**

In its Complaint, Phelps argues Continental's deduction of compression and transportation costs breached North Dakota Century Code Section 47-16-39.1 (N.D.C.C. § 47-16-39.1) by failing to provide Phelps all royalties owed for production of oil and gas from the Property within 150 days.  Doc. No. 1, p. 4. Per N.D.C.C § 47-16-39.1, Phelps claims it is owed interest on the unpaid royalties from the property at a rate of 18 percent per annum. Id.  In its Motion to Dismiss, Continental argues that Phelps' statutory claim depends on the breach of contract claim, and if there is no breach of contract claim, there is no statutory claim.  Doc. No. 10, p. 9.  In its Response, Phelps argues that payment of royalties is essential to an oil and gas lease and failure to do so is therefore subject to N.D.C.C § 47-16-39.1, citing Powell v. Statoil Oil & Gas LP, 2023 ND 235 ¶ 13, 2023 WL 8658855.  The Court agrees with Phelps.

N.D.C.C. 47-16-39.1 reads, in part:

> The obligation arising under an oil and gas lease to pay oil or gas **royalties to the mineral owner or the mineral owner's assignee**, to deliver oil or gas to a purchaser to the credit of the mineral owner or the mineral owner's assignee, or to pay the market value thereof **is of the essence in the lease contract**, and breach of the obligation may constitute grounds for the cancellation of the lease in cases in which it is determined by the court that the equities of the case require cancellation. If the operator under an oil and gas lease fails to pay oil or gas royalties to the mineral owner or the mineral owner's assignee within **one hundred fifty** days after oil or gas produced under the lease is marketed and cancellation of the lease is not sought or if the operator fails to pay oil or gas royalties to an unleased mineral interest owner within one hundred fifty days after oil or gas production is marketed from the unleased mineral interest owner's mineral interest, the operator thereafter shall pay interest on the unpaid royalties, without the requirement that the mineral owner or the mineral owner's assignee request the payment of interest, **at the rate of eighteen percent per annum** until paid.

See N.D.C.C. § 47-16-39.1 (emphasis added).

The plain language of the statute is clear and unambiguous. Because Phelps has satisfied the liberal pleading standards as to Count One, they have also met the plain language of the statute

which states that a failure to pay oil or gas royalties to the owner is "of the essence in the lease contract" and constitutes a breach. Id. Continental's motion for dismissal of Phelps' Count Two for breach of obligation to pay royalties pursuant to Section 47-16-39.1 is therefore **DENIED.**

### C.    Count Three – Declaratory Judgment

In its Complaint, Phelps argues an actual controversy exists between Continental's adjustments to Phelps' royalties for compression and transportation, and the language of the Phelps Lease which prohibits any reduction in royalties relating to the same. Doc. No. 1, p. 5. Phelps requests the Court enter a claim for declaratory judgment under 28 U.S.C. §§ 2201 and 2202. Id.

In its Motion to Dismiss, Continental argues Phelps' declaratory judgment claim is duplicative of the contract claim and serves no independent purpose. Doc. No. 10, p. 11. Phelps' Response reiterated the need for Declaratory Judgment to acknowledge the actual controversy as to the Phelps Lease and the deduction of compression and transportation from the royalties owed. Doc. No. 14, p. 7. In Continental's Reply, the Defendant asserts the claim is duplicative and should therefore be dismissed. Doc. No. 15, p. 6. The Court disagrees.

Upon the filing of an appropriate pleading, 28 U.S.C. § 2201 provides courts of the United States the ability to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. To satisfy constitutional standing in a declaratory judgment action, a plaintiff must demonstrate the existence of a substantial controversy, between parties having adverse legal interests, and of sufficient immediacy and reality. U.S. Specialty Ins. Co. v. Aerial Timber Applicators, Inc., No. 3:19-CV-00271, 2020 WL 3840533, at *2 (D.N.D. July 8, 2020). A dispute about contractual obligations is an example of a substantial controversy. J.B. Hunt Transp., Inc. v. BNSF Ry. Co., 9 F.4th 663, 667 (8th Cir. 2021) (holding that the plaintiff requested a proper use of declaratory judgment by

asking the Court to interpret a provision of a contract in favor of the plaintiff due to the defendant's inability to comply).

In the present case, Phelps satisfies the three elements outlined in <u>U.S. Specialty Ins. Co.</u> In its complaint, Phelps claims that Continental's deductions for compression and transportation are opposed to the Phelps Lease.  Doc. No. 1, p. 5. <u>Accord</u> <u>J.B. Hunt Transp. Inc.</u> 9 F.4th at 667. Continental is opposed to Phelps' interpretation. Doc. No. 10, p. 11.  Lastly, Phelps' injury is ongoing and satisfies the third requirement.  The Court must allow the parties to proceed to discovery on this issue, and therefore Continental's Motion to Dismiss on Count Three of the Complaint is **DENIED.**

### D.    Count Four – Accounting

Finally, Phelps seeks a court-ordered accounting as a remedy to determine when and how the wrongful deductions took place.  Doc. No. 1, p. 5.  Phelps states that because the accounts are within Continental's exclusive knowledge and possession, Continental must make an accounting which shows when and how the wrongful deductions were taken from the royalties.  <u>Id.</u> Continental disagrees, stating in its Motion to Dismiss that an accounting is an extraordinary remedy which places the burden on the Plaintiff to prove why discovery alone is inadequate to gain the information they are seeking by way of an accounting.  Doc. No. 10, p. 10. <u>See Cox v. Mortgage Elec. Reg. Sys., Inc.</u>, 685 F.3d 663, 668 (8th Cir. 2012).  In its Response, Phelps points out the cumbersome nature of oil and gas royalty calculations and cites to <u>Cont'l Res., Inc. v. Armstrong</u>, where Continental was ordered to provide an accounting of the revenue amounts each Defendant was owed under the terms of their lease. 2021 ND 171, ¶ 6, 965 N.W.2d 57.  Doc. No. 14, p. 8.  In its Reply, Continental renewed their claim that Phelps has not proven why discovery alone is not sufficient to get the account information. Doc. No. 15, p. 5.  The Court agrees with Phelps for the following reasons.

Equitable accounting is "never ordered as a matter of course." Stuber v. Taylor, 200 N.W.2d 276, 280 (N.D. 1972). There must be one or more of the following: 1) a fiduciary relationship with a duty upon the confidant to render an account; 2) a mutual or complicated account; 3) a particular need for a discovery; or 4) some other basis for equitable jurisdiction. Lonesome Dove Petroleum, Inc. v. Holt, 889 F.3d 510, 516 (8th Cir. 2018). Based solely on the pleadings, Phelps has met the threshold required by indicating the Phelps Lease is a mutual or complicated account. Doc. No. 1, p. 5.  Because the Court must accept all factual allegations of the Complaint as true, Phelps' pleading is sufficient.  The parties may revisit this issue after they have engaged in some discovery, but at this time the Court declines to dismiss Count Four. Consequently, Continental's Motion to Dismiss as to Count Four of  the Complaint is **DENIED.**

## IV.    <u>CONCLUSION</u>

The Court has carefully reviewed the Complaint and concludes it satisfies Rule 8(a)(2), Twombly, and Iqbal.  The Complaint is six pages long and provides enough detail to put Continental on notice of the basis for Phelps' claims. It is clear to the Court what Phelps has alleged. Phelps believes that Continental is wrongly deducting royalties owed under the Phelps Lease by subtracting the compression and transportation costs associated. The claim is certainly not implausible.  Fair notice has been given.  Discovery will flesh out the details.  At this early stage, the Court finds that Phelps' claims contained in its Complaint will be allowed to move forward, and sufficient facts have been pled to state a claim for relief.

The Court has carefully reviewed the entire record, the parties' briefs, and relevant case law.  For the reasons set forth above, Continental's Motion to Dismiss (Doc. No. 9) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 24th day of June, 2024.

*/s/ Clare R. Hochhalter*
Clare Hochhalter, Magistrate Judge
United States District Court
